

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Weldon v. Wickiser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1312

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Weldon v. Wickiser" (2007). *2007 Decisions*. Paper 729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-287                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1312
_____

ROBERT C. WELDON,

Appellant

v.

JOHN WICKISER; SUPERINTENDENT JAMES WYNDER; DANIEL ZIELEN,
Lieutenant at SCI Dallas; NORMAN DEMMING, Program Manager at
SCI Dallas; VINCENT MOONEY, Major at SCI Dallas;
GARY GORDON, Unit Manager at SCI Dallas; ROBIN LUCAS, Grievance
Coordinator at SCI Dallas; SHARON M. BURKS, Chief Grievance
Coordinator (Camp Hill)

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00077)
District Judge:  Honorable William W. Caldwell
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 28, 2007

Before:  MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Filed:  July 18, 2007)

_____

OPINION
_____

PER CURIAM

Appellant Robert C. Weldon, an inmate at the State Correctional Institution in Dallas, Pennsylvania, filed a pro se appeal from an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action under 28 U.S.C. §1915(e)(2)(B)(ii) for failing to state a claim on which relief could be granted.

While his complaint is not a model of clarity, Weldon appears to allege that his Due Process rights were violated when his thirty-six-dollar watch disappeared while he was placed in a "P.O.R." unit and when a prison lieutenant lied during the subsequent grievance procedure. Weldon claims the prison lieutenant lied when he stated that the Waymart State Correctional Institution informed him that it could not access any record of Weldon purchasing a watch there. As proof of this alleged lie, Weldon points to a later statement in a Pennsylvania Department of Corrections progress report indicating that the lieutenant determined that Weldon had purchased a watch at the Waymart State Correctional Institution.

The District Court held that Weldon had failed to state a claim because the intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause where a meaningful postdeprivation remedy for the loss is available. The District Court reasoned that Weldon had been provided a meaningful postdeprivation remedy in the form of the Pennsylvania prison grievance system.

2

Because Weldon is proceeding in forma pauperis, we must analyze the appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the underlying action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An appeal may be dismissed as frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In order to establish a 42 U.S.C. §1983 civil rights claim, a claimant must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)).

We agree with the District Court that Weldon's Due Process rights were not violated. Weldon was provided with a meaningful postdeprivation remedy regarding the loss of his watch in the form of the prison grievance system. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (prison grievance procedure provides an adequate post-deprivation remedy). Further, Weldon was afforded due process with respect to his allegation that a lieutenant had lied. Weldon filed a grievance about this claim which was reviewed and denied. In

3

any event, we see no contradiction between an earlier statement that the Waymart commissary could not access a record of a watch purchase, and a later statement that the lieutenant had determined Weldon purchased a watch at Waymart.

For these reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Weldon's motion for counsel is denied.

.